UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPTECH PAYMENTS CORP.,<br>a Wyoming corporation,<br><br>                              Plaintiff,<br><br>v.<br><br>NCR PAYMENT SOLUTIONS, LLC,<br>a Texas corporation; and DOES 1 through 10,<br><br>                              Defendants. | Case No.:  22-CV-1889 TWR (WVG)<br><br>**ORDER GRANTING (1) LIMITED JURISDICTIONAL DISCOVERY, AND (2) JOINT MOTION FOR ORDER GRANTING EXTENSION OF TIME IN WHICH TO RESPOND TO COMPLAINT**<br><br>(ECF Nos. 5, 6) |

Presently before the Court is Plaintiff AppTech Payments Corp.'s Response to Order to Show Cause re Subject-Matter Jurisdiction and Venue ("Resp.," ECF No. 5) and the Joint Motion for Order Granting Extension of Time in Which to Respond to Complaint filed by Plaintiff and Defendant NCR Payment Solutions, LLC ("Joint Mot.," ECF No. 6).

As for the Response, Plaintiff notes that "[i]ndependent efforts to obtain the necessary information from filings in the State of Texas, where NCR LLC is registered, have not prove successful in accurately identifying the citizenship of NCR LLC's members." (*See* Resp. at 2.)  "As a result, Plaintiff respectfully requests the Court grant leave to conduct limited jurisdictional discovery to determine the citizenship of the members of NCR LLC." (*See id.*)

As Plaintiff notes, (*see id.*), "[j]urisdictional discovery 'should ordinarily be granted where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Digital Media Solutions, LLC v. Zeetgroup, LLC*, No. 3:22-cv-01184-JLS-AHG, 2022 WL 17419359 at *2 (S.D. Cal. Dec. 5, 2022) (quoting *Butcher's Union Loc. No. 498, United Food & Com. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)). Because "a more satisfactory showing of the facts is necessary," the Court concludes that limited jurisdictional discovery into the citizenship of NCR Payment Solutions, LLC's owners/members is appropriate. The Court therefore **GRANTS** Plaintiff's request for limited jurisdictional discovery. Specifically, Defendant **MAY FILE** a declaration concerning the citizenship of Defendants members and/or owners within seven (7) days of the electronic docketing of this Order. Should Defendant decline to file a declaration, Plaintiff **MAY CONDUCT** a single, remote deposition of a corporate representative of Defendant that is limited to the citizenship of Defendant's members and/or owners within twenty-eight (28) days of the electronic docketing of this Order. Within seven (7) days of obtaining the requisite discovery, Plaintiff **SHALL FILE** a further response to the Court's December 5, 2022 Order to Show Cause concerning whether diversity of citizenship exists.

Regarding the Joint Motion, the Parties have stipulated to extend Defendant's deadline to respond to Plaintiff's First Amended Complaint "to give Defendant time to analyze and prepare a response to" it. (*See* Joint Mot. at 1.) Good cause appearing, the Court **GRANTS** the Joint Motion. As stipulated, Defendant **SHALL RESPOND** to the First Amended Complaint on or before January 14, 2023.

**IT IS SO ORDERED.**

Dated: January 9, 2023

_____
Honorable Todd W. Robinson
United States District Judge